**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SOFIA RINCON PENA,

Plaintiff,

v.

JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; and CARRIE M. SELBY, Associate Director, USCIS Service Center Operations,

Defendants.

Civil Action No. 26-CV-15232-AK

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**ANGEL KELLEY, D.J.**

Plaintiff Sofia Rincon Pena was born in Colombia and was brought to the United States in 2001, when she was eighteen months old, with her parents and brother. [See Dkt. 1-1 ¶ 2]. Plaintiff received DACA status in 2015 and has held that status for eleven years. [Id. ¶ 3]. She has always filed to renew her status and employment authorization before expiration, and USCIS has never denied a renewal application or terminated her status. [Id. ¶ 3]. Before this year, she filed each renewal application months before her status expired and USCIS adjudicated each one, usually within one month, often within a week or two. [Id. ¶ 4].

On May 14, 2026—183 days before her status was set to expire on November 13, 2026—Plaintiff filed her DACA renewal request and her application for employment authorization. [Id. ¶ 8]. Plaintiff attended her biometrics appointment on June 4, 2026, has complied with all requirements, and has not received any requests for additional evidence. [Id. ¶ 9]. She, or individuals on her behalf, have made several requests for review and inquiries to learn the reason

for the delay. [Id. ¶¶ 10-15]. Nonetheless, her application remains pending, and her DACA status and employment authorization expired on November 13, 2026.

On November 23, 2026, Plaintiff filed a complaint alleging that USCIS unduly delayed adjudication of her application in violation of the Administrative Procedure Act (APA) Section 706(1), and that the delay was an arbitrary and capricious action in violation of APA Section 706(2). [Dkt. 1]. On November 24, 2024, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, which seeks an order enjoining Defendants from further holding or delaying her application and requiring the agency to adjudicate her applications within five days. [Dkt. 8].

Issuance of a temporary restraining order is appropriate where the moving party establishes: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has met all four criteria.

As to the merits, courts consider six factors in assessing whether an agency's delay constitutes an undue delay under the APA: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should take into account the nature and extent of the interests prejudiced by delay; and (6) the agency need not act improperly to hold that agency action has

been unreasonably delayed. Telecommunications Rsch. & Action Ctr. v. F.C.C., 750 F.2d 70, 80 (D.C. Cir. 1984). Plaintiff meets this standard.

Plaintiff submitted her application 183 days before expiration of her lawful status, which provided USCIS with more than the suggested period to adjudicate her application. See "When Should I Use Form I-821D," Instructions for Consideration of Deferred Action for Childhood Arrivals, Form I-821D, available at https://www.uscis.gov/sites/default/files/document/forms/i-821dinstr.pdf (last visited November 23, 2026) (encouraging applicants to file between 150 and 120 days before their status expires). Plaintiff's application has also been pending for significantly longer than it has taken for her prior applications to be adjudicated [see Dkt. 1-1 ¶ 4], and longer than the 180 days within which Congress has expressed that an immigration benefit application should be processed, see 8 U.S.C. § 1571(b).

Further, the consequences of the delay and the interests it prejudices are immense and implicate human health and welfare. Plaintiff needs employment authorization to keep her job. She has already been placed on unpaid leave without benefits, and her employer will terminate her employment if her work authorization is not renewed by December 12, 2026. [Dkt. 1-1 ¶ 6]. She has lost her health insurance, and her REAL ID has expired. [Id. ¶¶ 6-7]. If her application is not approved, Plaintiff also becomes vulnerable to deportation.

Finally, on the present record, USCIS does not appear to have a higher or competing priority that would be displaced by the adjudication of Plaintiff's application. For these reasons, Plaintiff is likely to succeed on the merits by establishing that USCIS violated APA section 706(1) in unduly delaying adjudication of her DACA renewal application. As the Court finds that Plaintiff has a likelihood of success on the merits for independently dispositive reasons, it will not address whether the agency's action is arbitrary and capricious.

Plaintiff has also demonstrated that she meets the remaining factors for granting a temporary restraining order. Plaintiff is likely to experience irreparable harm if the DACA application is not adjudicated promptly—she will lose her job and is vulnerable to deportation without lawful status. This harm is imminent because Plaintiff's employer has informed her that they will not renew her employment if she does not have lawful status by December 12, 2026. [Dkt. 1-1 ¶ 6]. The balance of equities and public interest are strongly in Plaintiff's favor because "[t]here is generally no public interest in the perpetuation of unlawful agency action," League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016), and adjudication of her application imposes minimal administrative burden on USCIS. For these reasons, Plaintiff's Motion for Temporary Restraining Order [Dkt. 8] is **GRANTED**.

Based upon the representation in Plaintiff's filings, in its discretion, the Court excuses Rule 65(c)'s bond requirement.

Defendants are **ENJOINED** from further holding or delaying Plaintiff's application.

Plaintiff shall immediately serve her Complaint, moving papers, and this Order to Defendants. Defendants' Opposition is due by 11:59 PM on December 1, 2026. Plaintiff's Reply is due by 3:00 PM on December 2, 2026.

**SO ORDERED.**

Dated: November 25, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge